1    **WO**

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                     **FOR THE DISTRICT OF ARIZONA**

8

9    United States of America,              No. CR-19-01121-001-PHX-GMS

10                    Plaintiff,             **ORDER**

11   v.

12   Vivian A. Earle,

13                    Defendant.

14

15          Pending before the Court is Defendant Vivian A. Earle's Motion for Recusal.  (Doc.

16   77.)  For the following reasons, the Motion is denied.[1]

17                              **BACKGROUND**

18          On February 19, 2021, the Court held a motions hearing.  (Doc. 74.)  During the

19   hearing, the Government informed the Court that one of its witnesses, B.H., is the son of

20   L.H., an attorney with whom the Court had previous association.  (Doc. 79 at 5.)  The Court

21   explained that it had been a partner with L.H. in a law firm that the Court left between 18-

22   19 years ago and that the Court maintained some contact, mostly professional, with L.H.

23   after leaving the firm.  *Id.* at 6.  The Court further explained that it went to baseball games

24   with L.H. while at the firm and possibly afterwards.  *Id.*

25          Regarding B.H., the Court stated that it knew B.H., by sight, when he was a young

26

27   ─────────────────────
     [1]  The upcoming hearing on March 19, 2021 was originally set to include oral argument on
28   Defendant's motion for recusal and an evidentiary hearing.  As oral argument will not aid
     the Court's decision on the motion for recusal, the hearing on March 19 will only consist
     of the evidentiary hearing.

man and knew where he worked but did not have a significant relationship with B.H.  *Id.*
The Court also noted that it saw B.H. two or three times a year ago when the Court went
to visit L.H. in the hospital prior to L.H.'s decease.  *Id.*  Prior to seeing B.H. at the hospital,
the Court had not seen B.H. for about 20 years.  *Id.*

Based on this description, Defendant's counsel informed the Court that Defendant
preferred that another judge hear the case.  *Id.* at 7.  Defendant subsequently filed this
motion for recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. §455(a) and (b)(1).

## DISCUSSION

Motions to recuse a district judge are governed by 28 U.S.C. § 144[2] and 28 U.S.C.
§ 455.[3]  "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455
is the same: Whether a reasonable person with knowledge of all the facts would conclude
that the judge's impartiality might reasonably be questioned."  *United States v. McTiernan*,
695 F.3d 882, 891 (9th Cir. 2012) (quoting *United States v. Hernandez*, 109 F.3d 1450,
1453 (9th Cir. 1997) (per curiam)).  A reasonable person in this context is a "'well-
informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious
person.'"  *Clemens v. U.S. Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *In re
Mason*, 916 F.2d 384, 385 (7th Cir. 1990)).  A judge "must not simply recuse out of an
abundance of caution when the facts do not warrant recusal. Rather, there is an equally
compelling obligation not to recuse where recusal is not appropriate."  *United States v.
Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1200–01 (E.D. Cal. 2010).

Judges are generally not required to recuse when they have a casual relationship
with a witness or attorney appearing before the court.  *See United States v. Sundrud*, 397
F. Supp. 2d 1230, 1233 (C.D. Cal. 2005); *see also Clemens*, 428 F.3d at 1180 (stating that

---

[2]  28 U.S.C. § 144 states that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

[3]  As relevant here, 28 U.S.C. § 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned[,]" and §455(b)(1) provides that a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party[.]"

disqualification is not warranted simply because of a professional relationship); *Sewer Alert Comm. v. Pierce Cnty.*, 791 F.2d 796, 798 (9th Cir. 1986) (permitting a judge to hear a case despite a friendship with one of the parties); *United States v. Murphy*, 768 F.2d 1518, 1537 (7th Cir. 1985) ("Many courts . . . have held that a judge need not disqualify himself just because a friend—even a close friend—appears as a lawyer.").

The Court finds that its past professional relationship with L.H. and very limited contact with B.H. will not impact its ability to be impartial in this case.  A reasonable person, aware of this limited relationship, would also not reasonably believe that the Court is partial.[4]

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Vivian A. Earle's Motion for Recusal (Doc. 77) is **DENIED.**

Dated this 17th day of March, 2021.

G. Murray Snow
Chief United States District Judge

---

[4]  Defendant did not file an affidavit with his motion as required by 28 U.S.C. § 144.  Even if an affidavit had been filed, however, it would not be necessary to refer this case to another judge because the facts do not sufficiently give rise to a case of bias.  *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case.").