**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-01121-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Vivian A. Earle, | |
| Defendant. | |

Defendant is charged with five counts of bank robbery under 18 U.S.C. § 2113(a). (Doc. 7.) After a detention hearing was held, he was ordered to be detained pretrial in August 2019 as both a flight risk and a danger to the public. (Doc. 6.)

Thereafter, in November 2019, the Court heard Mr. Earle's first defense counsel's Motion to Withdraw. That motion was granted, and Defendant was appointed new counsel. (Doc. 20.)

In April 2020, Defendant's second counsel filed for Defendant's first "emergency" motion to be released from custody, (Doc. 29), which amounted to an appeal of the August detention decision. After full briefing, and after the Court's de novo review, this Court denied relief, finding that Defendant was a flight risk and a danger. (Doc. 42.) Five months later, Defendant's second counsel once again moved for release from custody, which was also denied, after full briefing. (Doc. 65.)

In addition to filing what amounted to two separate appeals on the detention

decision, Mr. Earle's second counsel also filed a motion to supress, a motion for separate trial, and a motion for this court to recuse.  After this Court denied Mr. Earle's motion to recuse, (Doc. 81), an evidentiary hearing was held, and the motion for separate trials and motion to suppress were denied.  (Doc. 87.)  During this process, Mr. Earle requested a number of continuances, which were granted.

Still, multiple hearings were held on requests for the Court to determine counsel. Ultimately, on June 22, 2021, this Court granted another motion from defense counsel to withdraw, and Defendant was once again appointed new counsel with an admonition, which had been previously given, that Mr. Earle needed to work cooperatively with new counsel. (Doc. 101.)

On that same date, Mr. Earle filed directly with this Court a handwritten motion for Release from Custody.  (Doc 103.)  On June 23, the Court struck that motion because Mr. Earle was represented by counsel and was required to appear through counsel.  (Doc. 104.) In early August, newly appointed counsel submitted a Motion for Determination of Counsel, (Doc. 107), and Defendant submitted a handwritten letter once again asking why his previously filed Motion for Release from Custody was denied, and apparently faulting his new lawyer for failing to file such a motion.  (Doc. 109.)  The Court held a hearing on the Motion for Determination of Counsel on August 23, 2021.

During the hearing, Defendant stated that he did not wish to have new counsel, but he persisted in arguing that he was being wrongfully detained, had never been given an appropriate hearing on his detention, and was entitled to be released.  He complained about new counsel and failed to follow the directions of, or respond to, the questions of the Court. Rather than answer the Court's questions, Defendant kept insisting that he was being wrongfully detained despite the number of times that the issue had been previously adjudicated.  Defendants' counsel avowed that he could not work with Defendant and was permitted to withdraw.  Any other relief the Defendant sought in his handwritten note was denied.

This Court agreed to appoint Defendant new counsel.  (Doc. 110.)  New counsel

will be Defendant's fourth appointed attorney, and Defendant is hereby advised that it is highly unlikely that this Court will grant Mr. Earle a new attorney if he continues to fail to cooperate with his new attorney. Mr. Earle seems to require his attorneys to pursue a course that is not advised by any of them and refuses to cooperate with them when they fail to do so. He then requests or requires new attorneys to be appointed, all while complaining about his lack of speedy trial, even though his new attorneys require time to familiarize themselves with his case. He seems to not want trial but the constant appealing and re-trying of his detention decision. Based on the following law, the Court hereby advises Defendant that if Defendant continues to be uncooperative with his counsel, this Court will deem Defendant's Sixth Amendment right to counsel waived and will require him to represent himself.

## DISCUSSION

"The Sixth Amendment guarantees 'that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment.'" *United States v. Turner*, 897 F.3d 1084, 1102 (9th Cir. 2018) (quoting *Faretta v. California*, 422 U.S. 806, 807 (1975)). However, a defendant can waive his right to counsel by "engaging in conduct that is 'dilatory and hinders the efficient administration of justice.'" *Id.* at 1103 (quoting *United States v. Meeks*, 987 F.2d 575, 579 (9th Cir. 1993)). For example, when a defendant manipulates relationships with appointed lawyers "so as to be able to claim that he wants to be represented by counsel while at the same time making it impossible for any competent lawyer to carry out his professional responsibilities," he has effectively waived his right to counsel through conduct. *Turner*, 897 F.3d at 1103 (quoting *United States v. Sutcliffe*, 505 F.3d 944, 955 (9th Cir. 2007)); *see also United States v. Thomas*, 357 F.3d 357, 363–65 (3d Cir. 2004) (holding that the defendant's refusal to cooperate with four court-appointed attorneys was a waiver of the right to counsel); *United States v. Traeger*, 289 F.3d 461, 475 (7th Cir. 2002) (finding a valid waiver after the defendant discharged his third appointed counsel).

The new attorney in this case will be Defendant's fourth appointed counsel. Defendant's three former attorneys withdrew due to a breakdown in communication with Defendant. In the most recent hearing, it became apparent that Defendant was so fixated on his release from detention—an argument repeatedly made and denied—that his attorney could no longer provide effective advice on the merits of the case. (Doc. 110.) "[A]n indigent defendant does *not* have a constitutional right 'to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.'" *United States v. Whatcott*, No. 08–cr–00059–JLK, 2008 WL 5054571, at *3 (D. Colo. Nov. 21, 2008) (quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). Defendant's argument for pretrial release has been made and denied four times, and it will be up to new counsel—not Defendant—to decide whether to pursue that issue. If Defendant continues to obstruct communications with defense counsel or otherwise acts in a manner that prompts new defense counsel to withdraw, this Court, absent unusual circumstances, will deem Defendant's Sixth Amendment right to counsel waived, and Defendant will have to represent himself.

Defendant is also advised that self-representation carries "grave and substantial risks." *Whatcott*, 2008 WL 5054571, at *2. He is charged with five counts of bank robbery, with a maximum sentence of twenty years on each count. (Doc. 7.); 18 U.S.C. § 2113(a). At trial, he will face "a trained, skilled prosecutor who is experienced in criminal law and court procedures." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Defendant will not receive special consideration because of his lack of legal training or legal experience, and Defendant will be required to comply with the technical rules of evidence and courtroom procedure. *Id.* at 1138–39; *see also McKasle v. Wiggins*, 465 U.S. 168, 184 (1984). The judge will offer no help at trial, and Defendant will be expected to know "what constitutes a permissible opening statement to the jury, what is admissible evidence, what is appropriate direct and cross examination of witnesses . . . and what constitutes appropriate closing argument to the jury." *Hayes*, 231 F.3d at 1138. These are only some of the dangers and disadvantages of self-representation.

## CONCLUSION

Defendant is hereby put on notice that if he continues to be uncooperative with counsel, this Court may deem his Sixth Amendment right to counsel waived, and Defendant will have to represent himself at trial.

**IT IS HEREBY ORDERED** directing defense counsel to provide a copy of this Order to Defendant.

Dated this 1st day of September, 2021.

_____
G. Murray Snow
Chief United States District Judge