WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-01121-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Vivian A. Earle, | |
| Defendant. | |

Pending before the Court is Defendant's Vivian Earle's ("Defendant") Notice of Appeal to the Ninth Circuit (Doc. 127). For the reasons below, the Court certifies that Defendant's appeal is frivolous, and that this Court retains jurisdiction over his case and trial.

## BACKGROUND

On October 15, 2021, the Court held a hearing to determine whether Defendant's right to counsel had been waived by conduct. (Doc. 124.) After hearing from defense counsel, the Court determined that Defendant had waived his right to counsel by conduct. Since then, Defendant has proceeded pro se with appointed counsel acting as advisory counsel. The Court issued an order on October 29, 2021 appointing separate defense counsel to argue why the Court should not deem Defendant's right to counsel waived. (Doc. 125.) Before new counsel could make such an argument, Defendant filed a Notice of Appeal, (Doc. 127), which challenges the Court's finding that Defendant waived his

right to counsel and seeks review of the Court's denial of several oral motions brought by Defendant. Defendant's trial is set to begin on December 13, 2021.

## DISCUSSION

The Court must now determine whether it retains jurisdiction over this case after Defendant filed his Notice of Appeal. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Powell*, 24 F.3d 28, 31 (9th Cir. 1994) (emphasis omitted). However, the Ninth Circuit has repeatedly stated that frivolous interlocutory appeals do not divest the district court of jurisdiction. *United States v. Hickey*, 580 F.3d 922, 928 (9th Cir. 2009) ("Filing an appeal from an unappealable decision does not divest the district court of jurisdiction."); *Powell*, 24 F.3d at 31 ("[A]n appeal from the denial of a motion seeking to establish a right not to be tried does not divest the district court of jurisdiction if the district court has found that motion to be frivolous."); *United States v. Ray*, 731 F.2d 1361, 1369 (9th Cir. 1984) ("Because this court could not gain jurisdiction in interlocutory appeal No. 82-1301, that appeal did not divest the district court of jurisdiction."); *see also United States v. Zinnel*, No. 2:11-cr-00234-TLN, 2019 WL 1004579, at *1–2 (E.D. Cal. Mar. 1, 2019) ("[I]n cases where the district court is concerned about the potential for abuse of the appeals process, it may certify an appeal as frivolous and retain jurisdiction to proceed before an appellate decision issues."); *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply."). Therefore, if Defendant's appeal is frivolous, the Court may retain jurisdiction over the case and trial. *See United States v. LaMere*, 951 F.2d 1106, 1108–09 (9th Cir. 1991) (adopting the certification rule of *United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir. 1980)).

**I. Interlocutory Appeal**

28 U.S.C. § 1291 limits the jurisdiction of the federal courts of appeals to "all final decisions of the district courts of the United States." However, in limited circumstances, an interlocutory order may be immediately appealable. *United States v. Claiborne*, 727 F.2d 842, 844 (9th Cir. 1984). The "collateral order" exception allows appellate review of an interlocutory order if the order "conclusively determines the disputed question, resolve[s] an important issue completely separate from the merits of the action, and is effectively unreviewable on appeal from final judgment." *Id.* This exception is the only recognized exception to the rule against interlocutory appeals in criminal cases. *See United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265, 270 (1982).

**A. Waiver of Counsel by Conduct**

The Ninth Circuit has explicitly held that "the immediate appeal of an order denying a request to appoint replacement counsel" is barred because "[p]ost-conviction review of asserted Sixth Amendment deprivations . . . is fully effective." *United States v. Beltran Valdez*, 663 F.3d 1056, 1059 (9th Cir. 2011). Therefore, Defendant's appeal to the Ninth Circuit is frivolous because it does not meet the third requirement for interlocutory appeal; Defendant's opportunity for relief on this issue will be after final judgment.

**B. Due Process**

Defendant's Motion for due process is premised on an alleged violation of Defendant's right to a speedy trial.[1] Such a motion is not subject to interlocutory review. *United States v. MacDonald*, 435 U.S. 850, 863 (1978) ("[W]e decline to exacerbate pretrial delay by intruding upon accepted principles of finality to allow a defendant whose speedy trial motion has been denied before trial to obtain interlocutory appellate review."); *see also United States v. Mehrmanesh*, 652 F.2d 766, 770 (9th Cir. 1981) (holding that orders denying dismissal for violation of the Speedy Trial Act are not immediately appealable). Defendant's appeal on this issue is frivolous and must be heard after final judgment.

---

[1] Defendant noted during the October 15, 2021 hearing that because the case had been pending two years, he was entitled to dismissal.

### C. Dismissal of Indictment and *Franks* Hearing

Defendant's appeal from the denial of his motion to dismiss the indictment and for a *Franks* hearing stems from the August 23, 2021 hearing. (Doc. 127.) According to Federal Rule of Appellate Procedure 4(b)(1), "a defendant's notice of appeal must be filed in the district court within 14 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." The Court denied Defendant's motions in the August 23 hearing, noted by a minute entry made on the same date. (Doc. 110.) Defendant filed his notice of appeal on October 29, well after the deadline for appeal had passed. Therefore, Defendant's appeal is frivolous because it was brought after the deadline for appeal. Additionally, neither appeal, involving alleged *Brady* and discovery violations and Fourth Amendment suppression,[2] is unreviewable after final judgment under the collateral order exception, and they are not subject to interlocutory appeal. *United States v. Lewis*, 368 F.3d 1102, 1107 (9th Cir. 2004) ("Courts typically review *Brady* violations post-trial."); *Sealed Appellant 1 v. Sealed Appellee*, 199 F.3d 276, 279 ("As [denial of *Franks* hearing] is not a final decision . . . we dismiss Appellants' appeal for lack of subject matter jurisdiction."); *United States v. Conley*, No. 20-6043, 2020 U.S. App. LEXIS 8445 (4th Cir. Mar. 17, 2020) ("An order denying a pretrial motion for a *Franks* hearing is neither an appealable interlocutory nor collateral order.")

### D. Severance and Suppression

Defendant also appeals the denial of his motions for severance and suppression. (Doc. 127.) Both motions were decided on March 25, 2021. The time for appeal has long since passed, and Defendant's appeal is frivolous. Moreover, these issues are effectively reviewable after final judgment, and thus are not subject to interlocutory appeal. *United States v. Challoner*, 3 F. App'x 936, 937 (10th Cir. 2001) ("A ruling on a motion to suppress evidence in a pending criminal proceeding is interlocutory and not immediately appealable."); *Shea v. Gabriel*, 520 F.2d 879, 880–81 (1st Cir. 1975) ("[D]enial of a pre-indictment motion to suppress evidence [is] not a final decision and therefore [is] not

---

[2] At the August 23 hearing, Defendant stated "it is a long list of evidence that hasn't been turned over" before making his Motion to Dismiss.

immediately appealable."); *United States v. DeCologero*, 364 F.3d 12, 20 (1st Cir. 2004) ("An order severing or deferring counts is generally not immediately appealable.").

## II.  Appeal of Detention Order

The Supreme Court has held that an order denying bail is immediately appealable because it is effectively unreviewable upon final judgment. *United States v. Friedman*, 366 F.3d 975, 980–81 (9th Cir. 2004) (citing *Stack v. Boyle*, 342 U.S. 1, 6 (1951)). "The filing of a notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Oretga-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993). However, appealing "collateral" matters unrelated to the merits will not divest the district court of jurisdiction over the merits. *See United States v. Crozier*, 674 F.2d 1293, 1297 (9th Cir. 1982), ("[T]he resolution of the issues raised in the appeal is collateral to and has no bearing on the outcome of the criminal trial. Under these circumstances a district court may retain jurisdiction during the interlocutory appeal and proceed with the criminal trial."), *vacated on other grounds*, 468 U.S. 1206 (1984). Unlike claims of a "right not to be tried," which must be heard before trial to have any effect, an appeal from the denial of bail has no bearing on the underlying merits of the case. *Powell*, 24 F.3d at 31 (noting that double jeopardy and immunity from prosecution "must be upheld prior to trial if [they are] to be enjoyed at all"); *Hollywood Motor Car Co.*, 458 U.S. at 265 ("Justice Jackson (the author of *Cohen*) recognized that 'an order fixing bail can be reviewed without halting the main trial—its issues are entirely independent of the issues to be tried—and unless it can be reviewed before sentence, it never can be reviewed at all.'" (quoting *Stack v. Boyle*, 342 U.S. 1, 12 (1951) (Jackson, J., concurring))). Therefore, the Court no longer has jurisdiction over Defendant's bail but continues to have to have jurisdiction over the merits and trial because the denial of bail is collateral to those issues.

## CONCLUSION

Because Defendant's appeal is frivolous, this Court will continue to exercise jurisdiction over his case. The parties should continue to prepare for trial, and new

specially limited defense counsel should continue to prepare argument on why the Court should not deem Defendant's right to counsel waived.

Dated this 8th day of November, 2021.

_____
G. Murray Snow
Chief United States District Judge