1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    United States of America,                    No. CR-19-01121-001-PHX-GMS

10                  Plaintiff,                     **ORDER**

11   v.

12   Vivian A. Earle,

13                  Defendant.

14

15

16          Pending before the Court is Vivian Earle's ("Defendant") Motion to Dismiss

17   (Doc. 143) and Motion to Appoint Appellate Counsel (Doc. 154).  Also pending before the

18   Court is defense counsel's Ex parte Motion to Seal Document (Doc. 152).  For the reasons

19   below, Defendant's Motion to Dismiss is denied, Defendant's Motion to Appoint Appellate

20   Counsel is granted in part and denied in part, and defense counsel's Motion to Seal is

21   granted.

22                                **BACKGROUND**

23          Defendant is charged with five counts of bank robbery in violation of 18 U.S.C.

24   § 2113(a).  (Doc. 126 at 18–19.)  After a detention hearing in August 2019, Defendant was

25   ordered to be detained pretrial as both a flight risk and a danger to the public.  (Doc. 6.)

26   After repeated motions for withdrawal or determination of counsel, (Docs. 16, 89, 96, 121),

27   the Court determined that Defendant's right to counsel had been waived by conduct.

28   (Doc. 124.)  The Court subsequently appointed special limited counsel to argue why it

should not consider Defendant's right to counsel waived.  (Doc. 125.)  In the interim, Defendant proceeded pro se and filed an appeal with the Ninth Circuit. (Doc. 127.) Because the Court has deemed all but one ground of the appeal frivolous, the Court has retained jurisdiction over the case.  (Doc. 137.)

## DISCUSSION

## I.  Dismissal for Failure to Provide Speedy Trial

Defendant first argues that the indictment should be dismissed because he has not been brought to trial in seventy days in violation of the Speedy Trial Act.  (Doc. 143.)  18 U.S.C. § 3161(c)(1) requires that any criminal defendant who has pleaded not guilty must be brought to trial "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  However, the statute explicitly lists several "periods of delay" that are not counted for purposes of the seventy-day requirement.  *Id.* § 3161(h).  These include, but are not limited to, (1) "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," *id.* § 3161(h)(1)(D); and (2) "delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  *Id.* § 3161(h)(7)(A).

### A.  Motions to Continue

"Excludability under [§ 3161(h)(7)(A)] is not automatic; the period of delay must be 'reasonable.'"  *United States v. Henry*, 984 F.3d 1343, 1350 (9th Cir. 2021) (quoting *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999)), *cert. denied*, No. 21-5560, 2021 WL 4733569 (U.S. Oct. 12, 2021).  "[T]he district court must satisfy two requirements whenever it grants an ends of justice continuance: (1) the continuance must be specifically limited in time; and (2) it must be justified [on the record] with reference to

the facts as of the time the delay is ordered." *Id.* at 1351 (quoting *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997)).  A court should consider "the likelihood of a miscarriage of justice, the complexity of the case, and the lack of opportunity for counsel to complete adequate trial preparations using due diligence." *Id.* (citing 18 U.S.C. § 3161(h)(7)(B)).  However, "simultaneous findings [are] unnecessary so long as the trial court later shows that the delay was motivated by proper considerations." *United States v. Bryant*, 726 F.2d 510, 511 (9th Cir. 1984).  "If the district court does not make the required findings, the delay resulting from the ends-of-justice continuance is counted against the Speedy Trial clock." *Henry*, 984 F.3d at 1351.

Defendant, by and through his counsel, has moved for continuances in this case nearly ten times.  (*See, e.g.*, Docs. 13, 22, 27, 37.)  These motions were unopposed by the Government, and the Court found them meritorious.  Many of these motions benefited Defendant because they allowed his attorneys to review the various discovery disclosures provided by the Government throughout this case, which involves five serious bank robberies committed on different dates and different locations and involving different witnesses.  (*See* Docs. 13, 22, 27, 37.)  Preparation for trial takes time: Competent defense counsel must review the discovery, investigate the facts, negotiate a plea, make relevant pretrial motions, and develop a defense.  In addition to the normal demands of trial, Defendant's counsel has been substituted four[1] separate times, either by his request or his counsel's request.  (Docs. 20, 101, 110, 124.)  Each new counsel must take time to familiarize themselves with Defendant and this complex case.  The Court has put on the record, in writing or in open court, that appointing new counsel will require a continuance. (Doc. 148 at 15); (Doc. 150 at 8–9, 12–16); (Doc. 111 at 3.)  At least three of these discovery-related continuances, therefore, were supported by the factors enumerated in § 3161(h)(7)(B) because of the complexity of the case and because Defendant's second appointed counsel needed additional time to prepare after inheriting the case.  (Docs. 13, 22, 27.)  A fourth discovery-related motion, (Doc. 37), asked for a continuance of a trial

---

[1] At the status conference held on November 19, 2021, Defendant was appointed a fifth defense counsel.

date set in June 2020.  June 2020 was at the height of the COVID-19 pandemic in Arizona; the district court had suspended grand jury proceedings, Ariz. G.O. 20-12, 20-20, and the ability to hold trials was limited, Ariz. G.O. 20-20, 20-26.  A failure to continue the trial under those circumstances, with no vaccine available and limited ability to social distance, would have exposed the attorneys, the witnesses, the jurors, and Defendant to risk of illness or death.  In other words, "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice." § 3161(h)(7).

Many of the other continuances in this case were also caused by the pandemic or related issues.  (*See* Docs. 43, 52, 61, 67, 73.)  Because of COVID-19 precautions at CoreCivic, defense counsel had limited contact with Defendant and was unable to prepare an adequate defense.  (Docs. 39, 43, 67.)  Moreover, the district court continued to limit jury trials because of COVID-19.  (Docs. 73, 76); Ariz. G.O. 20-26, 20-39.  Another continuance was granted because defense counsel himself fell ill and "was in no condition to represent his client." (Doc. 61.)  Not granting these continuances would have resulted in a miscarriage of justice due to the risk of COVID-19, and would have "den[ied] counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

Finally, the Court granted a continuance because Defendant requested new counsel, who needed time to familiarize himself with the case.  (Docs. 96, 105.)  Failure to grant the continuance, in light of the complexity of the case and the time needed for defense counsel to prepare, would likely result in a miscarriage of justice.  § 3161(h)(7)(B). Because all the continuances were justified appropriately pursuant to the Speedy Trial Act, none of those days count against the seventy-day requirement.

### B.  Defendant's Other Motions

Section 3161(h)(1)(D) requires the exclusion of time "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]"  The Supreme Court has interpreted the "prompt disposition" language to mean that, in order for the time not to count against the Speedy

Trial Act, the district court must decide all pending motions that do not require a hearing within thirty days after receiving all the briefs. *Henderson v. United States*, 476 U.S. 321, 330–31 (1986). For motions that require a hearing, time is not counted against the seventy days from the date of the filing of the motion until the date of the hearing or the date the Court receives all the post-hearing briefs, if any. *Id.*

Aside from the Motions to Continue discussed above, Defendant or Defendant's counsel has filed multiple motions that did not require hearings. (*E.g.*, Doc. 29, 77.) All of them were decided within thirty days after the Court received the parties' briefs. Two of the filed motions required a hearing. (Docs. 45, 46.) Those Motions were filed in August 2020, but due to the COVID-19 pandemic and defense counsel's illness, as explained above, the Court could not hold a hearing until March 19, 2021.[2] The Court denied the Motions on March 25, 2021. (Doc. 87.) In short, the Court has complied with all requirements of the Speedy Trial Act in deciding Defendant's motions. Defendant is advised that any time he files a motion, the speedy trial clock is stopped until all the parties' briefs are received, plus thirty days. Between Defendant's motions and the multiple continuances, Defendant has accumulated over 750 days of excludable time—time that is not counted against the seventy days, with more excludable time accumulated each day that any of his motions and his interlocutory appeal are pending. § 3161(h)(1)(C)–(D). Because the Court has complied with the Speedy Trial Act's requirements for computation of time, Defendant's Motion to dismiss is denied on this ground.

### C. Rule 48

Federal Rule of Criminal Procedure 48 allows a district court to dismiss the indictment "if unnecessary delay occurs in . . . bringing a defendant to trial." "This power of dismissal is independent of constitutional considerations[] and is derived from the court's supervisory authority in regard to its own jurisdiction." *United States v. Simmons*,

---

[2] The Court granted continuances on the Motions hearing for the same reasons as above. Defense counsel missed the hearing scheduled for October 2020 because of illness, (Doc. 61), Defendant was in quarantine and could not review the evidence prior to the scheduled hearing in December 2020, (Doc. 67), and the parties alerted the Court to a potential conflict of interest during the scheduled hearing in February 2021, (Doc. 73.)

536 F.2d 827, 832 (9th Cir. 1976).   Therefore, in the absence of a Sixth Amendment violation, the district court is not required to dismiss the indictment.  *United States v. Yuan Qing Jiang*, 214 F.3d 1099, 1101 (9th Cir. 2000).  However, "[a]lthough the rule confers discretion upon the district judge, a Rule 48(b) dismissal 'should be imposed only in extreme circumstances.'"  *Id.* (quoting *United States v. Huntley*, 976 F.2d 1287, 1291 (9th Cir. 1992)).

"The Sixth Amendment guarantees that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial.'"  *United States v. Myers*, 930 F.3d 1113, 1118 (9th Cir. 2019) (quoting U.S. Const. amend. VI).  "The right to a speedy trial attaches when a criminal proceeding is initiated, including when the defendant is indicted."  *Id.* at 1118–19.  In determining whether a defendant's speedy trial right has been violated, courts weigh the following factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant."  *Id.*

First, the length of delay in this case has been quite long—over two years.  (Doc. 7.) However, the factor is not dispositive but rather a "triggering mechanism" to signal to the Court a need to evaluate the other factors.  *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

Second, the reasons for the delay are discussed at length above; however, the Court reemphasizes that Defendant has gone through four defense counsels, the district court has been restricted in its ability to hold trials because of the COVID-19 pandemic, and Defendant himself has been in quarantine multiple times, which precluded defense counsel from visiting him.  Moreover, all of the continuances in this case, save for one, were granted at Defendant's request.[3]  (Docs. 13, 22, 27, 37, 43, 52, 61, 67, 105.)  This factor weighs heavily against Defendant.

Third, Defendant has tried to assert his speedy trial right.  He has pointed out in prior hearings that he has been detained for a long time, and he filed the instant motion for dismissal.  This factor weighs in Defendant's favor.

---

[3] "Because 'the attorney is the [defendant's] agent when acting, or failing to act, in furtherance of the litigation,' delay caused by the defendant's counsel is also charged against the defendant."  *Vermont v. Brillon*, 556 U.S. 81, 90–91 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)).

In determining the fourth factor, the Court considers the "three interests the speedy trial right was designed to protect."  *Myers*, 930 F.3d at 1120.  They are: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired.  *Id.*  Although Defendant has been detained for over two years, he is also accused of five serious bank robberies, and for the reasons set forth in the Court's multiple orders denying his pretrial release, (Docs. 6, 42, 65), his detention is not unreasonably "oppressive."[4]  Moreover, although Defendant is clearly concerned about his ability to put on a defense, as noted above, Defendant has benefitted from the delay in this case because it has enabled his various defense counsels to prepare an adequate defense.  It has also allowed him to make several pretrial motions, including his motions for release, the suppression of evidence, and for separate trials. (Docs. 29, 63, 45, 46.)  The Court is still considering Defendant's motions to ensure he receives a fair trial and fair opportunity to litigate and prepare a defense.  Therefore, although this factor does not weigh as heavily against Defendant, it does cut against him in the balancing test.

Finally, the Court will consider other factors.  "[N]one of the four factors is 'either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.  Rather, they are related factors and must be considered together with such other circumstances as may be relevant.'"  *Myers*, 930 F.3d at 1120 (quoting *Barker*, 407 U.S. at 533).  The circumstances of this case are unique.  Defendant has been detained pretrial as both a danger and a flight risk.  The Court has considered his release multiple times and found no reason to disturb its decisions.  Defendant has also repeatedly failed to cooperate with counsel.  Not only does this cause delay in appointing new counsel and getting them familiar with the case, but it also makes it difficult for appointed counsel to even talk to Defendant about preparing a defense.  (*E.g.*, Doc. 145 at 7; Doc. 148 at 5–6; Doc. 149 at 10–11).  Finally, despite these irregularities, the Court has done its best to accommodate Defendant in a pandemic that has lasted for all but a few months of his detention.  These

---

[4] The Court also notes that Defendant has filed an interlocutory appeal, which deprives this Court of jurisdiction to consider any further motions for pretrial release.  (Doc. 137 at 5.)

factors also weigh against Defendant.

Although the Court recognizes that the length of delay and Defendant's assertion of his speedy trial right weigh in Defendant's favor, the weight of the other factors—reason for the delay, prejudice, and the special considerations above—are sufficient to overcome the countervailing factors.  Therefore, Defendant's speedy trial right has not been violated, and the Court is under no obligation to grant his Rule 48 motion in the absence of that showing.  Defendant's motion is denied.

### III.  Motion to Appoint Counsel and Proceed In Forma Pauperis

Defendant asks the Court to appoint counsel for his interlocutory appeal currently pending with the Ninth Circuit.  (Doc. 154.)  The district court may appoint counsel on appeal if the defendant files a "financial affidavit (CJA Form 23.)"  9th Cir. R. 4-1.  Defendant has filed such a form, (Doc. 4); however, the Court declines to grant appellate counsel in light of its recent re-appointment of trial court counsel.

Defendant next asks if he qualifies for a waiver of the Ninth Circuit docketing fee.  (Doc. 154.)  "[A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court."  Fed. R. App. P. 24(a)(1).  "If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise."  *Id.* 24(a)(2).  "A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization," unless the district court certifies the appeal is not taken in good faith, or a statute provides otherwise.  *Id.* 24(a)(3).

Defendant was granted in forma pauperis status at the outset of this case.  (Docs. 3, 4.)  However, the Court has certified the frivolity of many of the contentions in Defendant's appeal.  (Doc. 137.)  But, given that the Court did not certify the appeal of his detention as frivolous, it does not find that the appeal was taken in bad faith.  *See Coppedge v. United States*, 369 U.S. 438, 45 (1962) ("We consider a defendant's good faith in this type of case demonstrated when he seeks appellate review of any issue not frivolous.")  Given the fact

that Defendant is detained pretrial and currently facing criminal prosecution, the Court finds that he continues to meet the standard to proceed in forma pauperis.  Defendant is still responsible for any costs required under 28 U.S.C. § 1915(b).

**IV.  Motion to Seal**

Defendant's defense counsel has asked the Court to seal his brief regarding Defendant's waiver of counsel.  (Doc. 152.)  A good cause standard applies to documents attached to non-dispositive motions because such documents are often "unrelated, or only tangentially related, to the underlying cause of action."  *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (2002)).  Because the brief contains privileged communications between Defendant and his attorneys, the Court finds good cause and grants the Motion to Seal.

## CONCLUSION

Because Defendant's speedy trial rights have not been violated, his motion to dismiss the indictment is denied.  Moreover, Defendant was recently appointed defense counsel, so his Motion to Appoint Appellate Counsel is denied.  Defendant's Motions to Seal and Proceed in Forma Pauperis are proper, and thus granted.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 143) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Appointment of Appellate Counsel (Doc. 154) is **GRANTED** in part and **DENIED** in part.  His motion for appointment of counsel is denied, but his request to proceed in forma pauperis on appeal is granted.

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal His Memorandum of Law Regarding Waiver of Right to Counsel by Conduct (Doc. 152) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's above-referenced Motion to Seal (Doc. 152) and Defendant's above-referenced Memorandum of Law (Doc. 153) shall be filed under seal, and that the Clerk shall maintain them under seal until further order of the Court.

1      **IT IS FURTHER ORDERED** that the Clerk of the Court serve a copy of said

2  documents (Docs. 152, 153) upon Defendant's counsel Mr. Wallin, who shall maintain

3  them under seal pending further order of the Court.

4      Dated this 1st day of December, 2021.

5

6

7                        G. Murray Snow
                  Chief United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28