**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Vivian A. Earle,<br><br>　　　　　Defendant. | No. CR-19-01121-001-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Vivian Earle's ("Defendant") Motion to Continue Trial and Extend Time to File Pretrial Motions *Twelfth Request* (Doc. 156.) For the reasons below, the Motion is granted.

## BACKGROUND

Defendant is charged with five counts of bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. 126 at 18–19.) After a detention hearing in August 2019, Defendant was ordered to be detained pretrial as both a flight risk and a danger to the public. (Doc. 6.) After repeated motions for withdrawal or determination of counsel, (Docs. 16, 89, 96, 121), the Court determined that Defendant's right to counsel had been waived by conduct. (Doc. 124.) The Court subsequently appointed special limited counsel to argue why it should not consider Defendant's right to counsel waived. (Doc. 125.) In the interim, Defendant proceeded pro se, and trial was scheduled for December 13, 2021.

On November 19, 2021, the Court held a status conference, in which Defendant

indicated he would like counsel. The Court first asked advisory counsel, Mr. Kessler, whether he could be prepared to represent Defendant in December. Mr. Kessler stated he could not do so without a continuance. When asked if Defendant would like Mr. Kessler as defense counsel, Defendant responded, "If a counsel decide to withdrew from a case, if the Court's going to reappoint him, how is that going to benefit the defendant if a person already states they don't want to be part of the case?"[1]

Because Defendant did not appear to want Mr. Kessler as his attorney, the Court then asked special limited defense counsel, Mr. Wallin, whether he could be prepared for trial in December. Mr. Wallin represented that he would need a substantial continuance to effectively represent Defendant. When asked if Defendant would like Mr. Wallin as counsel, Defendant responded that he "[couldn't] agree to any more extensions." However, Defendant also stated that he had "no desire to represent [himself]" and "[did] not choose to represent [himself]." After hearing from Defendant, the Court appointed Mr. Wallin, and Mr. Wallin is now representing Defendant. Mr. Wallin has since moved for a continuance, and Defendant does not consent to waiving time. The Government does not oppose the Motion.

## DISCUSSION

The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), requires that any criminal defendant who has pleaded not guilty be brought to trial "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." However, the statute explicitly lists several "periods of delay" that are not counted for purposes of the seventy-day requirement. *Id.* § 3161(h). These include "delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice

---

[1] Prior to the Court determining that Defendant had waived his right to counsel by conduct, Defendant had filed a Motion to Substitute Counsel asking for Mr. Kessler to be removed from the case. (Doc. 121.)

- 2 -

served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). When deciding whether a continuance serves "the ends of justice," the Court must consider (1) the likelihood of a miscarriage of justice, (2) the complexity of the case, and (3) the lack of opportunity for counsel to complete adequate trial preparations using due diligence. *United States v. Henry*, 984 F.3d 1343, 1350 (9th Cir. 2021) (citing 18 U.S.C. § 3161(h)(7)(B)).

The Court incorporates by reference the facts laid out in its order denying Defendant's Motion to Dismiss for a speedy trial violation. (Doc. 161.) Based on those facts and the conversations with Defendant and defense counsel during the November 19, 2021 status conference, the Court finds that there is a likelihood of a miscarriage of justice due to the complexity of this case and the lack of opportunity for defense counsel to prepare for trial. Defendant is charged with five counts of bank robbery, each of which carries a maximum sentence of twenty years. The sentences can run consecutively. In other words, Defendant could very well face a potential life sentence. In addition to the serious nature of the charges, Mr. Wallin is Defendant's fifth appointed defense counsel.[2] Two prior defense attorneys withdrew because of communication issues with Defendant, (Doc. 148 at 12–13); (Doc. 153-4 at 4), and Defendant requested that two other defense attorneys be removed, (Doc. 150 at 8); (Doc. 121), which the Court permitted. Mr. Wallin has worked on this case for less than a month, and only for the limited purpose of arguing that Defendant has not waived his right to counsel. (Doc. 125.) Mr. Wallin has had no opportunity to review the discovery in this case, which is quite voluminous. Although the Court recognizes that six months is a long time, Defendant does not want to represent himself; he does not want Mr. Kessler, his advisory counsel, to represent him; and he does not want to waive time for any attorney to prepare for trial. The Court must either have Defendant represent himself at trial in December, or appoint counsel and continue trial to allow counsel to prepare. Because Defendant has refused to decide, the Court must choose

---

[2] Defendant is hereby warned that the Court will not grant him a sixth attorney. If Defendant later files a motion for counsel's withdraw, the Court will deny the motion, unless Defendant wishes to proceed pro se.

for him. After consideration of the factors above, the Court finds that Defendant's constitutional right to effective representation outweighs his statutory rights under § 3161. The ends of justice are served by granting the continuance, despite the interest of the public and Defendant in a speedy trial.

**CONCLUSION**

Upon motion of the Defendant, no objection by the Government, and good cause appearing,

**IT IS ORDERED** granting Defendant's Motion to Continue Trial and Pretrial Deadlines (Doc. 156) for the reasons stated in Defendant's motion, including that defense counsel needs additional time to prepare for trial.

This Court specifically finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the Defendant in a speedy trial. This finding is based upon the Court's conclusion that the failure to grant such a continuance would deny the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

**IT IS FURTHER ORDERED** continuing the trial date from December 13, 2021 to **June 27, 2022 at 9:00 a.m.**, in Phoenix, Arizona, and continuing the pretrial motion deadline until **May 6, 2022**.

**IT IS FURTHER ORDERED** that if any subpoenas were previously issued and served in this matter, that they remain in effect and are answerable at the new trial date and the party who served the subpoena should advise the witnesses of the trial date.

The Court finds excludable delay under Title 18 U.S.C. §3161(h)(7)(A) and (B)(iv) from 12/14/21 to 6/27/22.

Dated this 7th day of December, 2021.

_____
G. Murray Snow
Chief United States District Judge