**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>Vivian A. Earle,<br><br>          Defendant. | No. CR-19-01121-001-PHX-GMS<br><br>**ORDER** |

Pending before the Court are several pro se motions filed by Defendant. They are:

    I.      Motion for Acquittal (Doc. 308)

    II.     Motion for New Trial (Doc. 309)

    III.    Motion for Release from Custody (Doc. 313)

    IV.    Motion to Let the Record of the Criminal Docket Reflect Demands for Trial (Doc. 317)

    V.     Motion for Copies (Doc. 318)

    VI.    Motion to Substitute Attorney (Doc. 323)

    VII.   Motion or Return of Property (Doc. 326)

    VIII.  Motion to Expedite Ruling on Motions (Doc. 327)

    IX.    Second Motion to Expedite Ruling on Motions (Doc. 329)

For the reasons detailed below, Defendant's Motions are denied. The reasoning for each Motion is detailed below.

# PENDING MOTIONS

## I. Motion for Acquittal (Doc. 308)

A court may grant a motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure when the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29. "First, the evidence must be viewed in the light most favorable to the government; and second, the reviewing court must respect the exclusive province of the jury . . . by assuming that the jury resolved all [factual] matters in a manner which supports the verdict." *U.S. v. Ramos*, 558 F.2d 545, 546 (9th Cir. 1977). As such, if a reasonable jury could find the Defendant guilty based on the admitted evidence, a motion for acquittal must be denied.

Defendant's Motion for Acquittal is premised on the allegation this Court erred as a matter of law by admitting into evidence over 90 of the Government's exhibits and that without this evidence, no reasonable jury could have convicted him. (Doc. 308 at 1–2). This Court does not find error in its earlier evidentiary rulings. Additionally, Defendant alleges error in relation to the testimony of Jose DeJesus Soto-Quintero on the grounds that Mr. Soto-Quintero was able to identify Defendant in court after completing his own internet research. (Doc. 308 at 2). While Defendant is correct, this Court prevented prejudice against Defendant by instructing the jury to disregard Mr. Soto-Quintero's testimony that was based on outside research. (Doc. 306 at 22). Accordingly, Mr. Soto-Quintero's testimony is not grounds of an acquittal.

Because the jury's verdict was reasonable and based on properly admitted evidence, Defendant's Motion for Acquittal is denied.

## II. Motion for New Trial (Doc. 309)

"[A] court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Generally, an order for a new trial requires that "the evidence[] preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand. *U.S. v. Walker*, 899 F. Supp. 14, 15 (D.C. Cir. 1995).

Defendant argues this Court should grant a new trial because it erred in certain

evidentiary rulings and improperly instructed the jury. This Court does not find error in its evidentiary rulings or its instructions to the jury. Additionally, Defendant alleges that witness testimony presented by the government was not credible. (Doc. 310 at 1). The Court does not find any errors in the record and must defer to the jury's weighing of the witnesses' credibility. Finding no error, it is in the interest of justice to uphold Defendant's conviction. Accordingly, Defendant's Motion for New Trial is denied.

### III.     Motion for Release from Custody (Doc. 313)

Courts may release defendants from custody pending sentencing or appeal under specific circumstances. 18 U.S.C. § 3143(a)–(b). To make such a finding, the Court must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." *Id.* § 3143(a), (b)(1)(A). Courts are further guided by a non-exhaustive list of factors set by the Ninth Circuit. *U.S. v. Garcia*, 340 F.3d 1013, 1019–21 (9th Cir. 2003). This includes unusual harshness of prison conditions, strength of defendant's argument and likelihood of success on the merits, and the violent nature of the crime. *Id.*

Defendant's grounds for release are that he is likely to succeed on the merits of his acquittal and new trial motions. (Doc. 313 at 2). Defendant cannot show he is likely to succeed on the merits of his Motions for Acquittal and New Trial as the Court has already ruled against him on each. *See supra* Sections I–II. Additionally, considering the violent nature of Defendant's criminal history, this Court cannot find by clear and convincing evidence that Defendant would not be a flight risk or danger to the community. Accordingly, Defendant's Motion for Release from Custody is denied.

### IV.     Motion to Let the Record of the Criminal Docket Reflect Demands for Trial (Doc. 317)

Defendant moves for the record to reflect certain of his alleged demands for trial. Specifically, Defendant moves for the Court to "correct" the record to reflect certain demands. (Doc. 317 at 1). Any demands made by filing or at hearings will remain on the record, but this Court will not retroactively add such demand into the record where they do

not currently exist. As such, all of Defendant's on-the-record demands will be preserved. Accordingly, Defendant's Motion to Let the Record of the Criminal Docket is denied.

## V.  Motion for Copies (Doc. 318)

Defendant moves for copies of trial transcripts and the docket for post-conviction relief. This Court grants Defendant's Motion in part in that the Court orders the trial transcripts be provided to Defendant, including trial proceedings under seal. However, considering the number of pre-trial proceedings, Defendant must refile a Motion for Copies listing all the specific pre-trial dates he would like materials for.

## VI.  Motion to Substitute Attorney (Doc. 323)

Defendant moves to substitute his appointed advisory counsel. (Doc. 323 at 1). On June 23, 2023, at the beginning of trial, Defendant moved to assert his right to represent himself. (Doc. 290). This Court granted his request, but appointed advisory counsel to assist Defendant in his self-representation if required. (Doc. 294). While an indigent defendant is entitled to court-appointed attorneys, "right to counsel does not carry with it the right to select a particular lawyer as his court-appointed attorney." *U.S. v. Burkeen*, 355 F.2d 241, 245 (6th Cir. 1966). This principal is even more potent here, when Defendant has waived his right to appointed counsel and chose to represent himself. Finding no good cause to remove Defendant's advisory counsel, Defendant's Motion to Substitute Attorney is denied.

## VII.  Motion for Return of Property (Doc. 326)

"A district court has jurisdiction to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." *U.S. v. Martinson*, 809 F.2d 1364, 1366–67 (9th Cir. 1987) (citations omitted). "In ruling on the motion, the court must take into account all equitable considerations." *Id.* (citations omitted). Defendant has already moved for additional proceedings at the district court level and has indicated an intent to appeal in his other filings. (Doc. 318). Accordingly, Defendant's motion is premature and his Motion for Return of Property is denied.

**VIII.    Motion to Expedite Ruling on Motions (Docs. 327, 329)**

Defendant filed two separate Motions "demanding" this Court to rule on his pending Motions for Acquittal and New Trial.  (Docs. 327, 329).  This Court has denied both pending Motions. *See supra* Sections I, II.  Accordingly, Defendant's Motions to Expedite Ruling are denied as moot.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's pending Motions (Docs. 308, 309, 313, 317, 323, 326) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Copies (Doc. 318) is **GRANTED** as to transcripts for trial dates.  Accordingly, the Court Reporter through CJA will provide trial transcripts for June 21, 23, 27, 28, 29, and 30, 2023.  The transcripts will be provided on a 30-day deadline after filing.

**IT IS FURTHER ORDERED** that Defendant notify the Court within ten days as to whether he would like the transcripts in paper or e-mail form.

**IT IS FURTHER ORDERED** that Defendant file another Motion listing the exact dates of each pre-trial proceeding for which he would like a transcript.  Additionally, the Defendant must notify the Court whether he would like pre-trial proceeding transcripts in paper or e-mail format.

**IT IS FINALLY ORDERED** that Defendant's Motions to Expedite Ruling (Docs. 327, 329) are denied as moot.

Dated this 6th day of October, 2023.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge

cc:  Rodolfo Apodaca