**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-01121-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Vivian A. Earle, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss Counsel and Motion for Inquiry (Doc. 344) and Second Motion for Determination of Counsel (Doc. 368). Finding no good cause to dismiss Defendant's court-appointed counsel, the Motions are denied.

Additionally, pending before the Court are Defendant's Motion Demanding This Court to Decide Ineffective Assistance of Counsel Before Sentencing (Doc. 333), Motion for Hearing on (PIS)-(PSR) Ojection [*sic*] (Doc. 337), and Motion for Transcripts, Sealed Documents and Pleadings (Doc. 338) filed by Defendant while representing himself.

## DISCUSSION

While an indigent defendant is entitled to court-appointed attorneys, "[the] right to counsel does not carry with it the right to select a particular lawyer as his court-appointed attorney." *U.S. v. Burkeen*, 355 F.2d 241, 245 (6th Cir. 1966). A court is not "required to set aside the prior appointment of counsel and appoint new counsel . . . in the absence of a showing of good cause." *Id.* at 245. "[T]he proper standard for attorney performance is

that of reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984) (citations omitted). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

A Sixth Circuit case is instructive. *See U.S. v. Davis*, 365 F.2d 251 (6th Cir. 1966). The defendant in *Davis* had been charged with bank robbery and kidnapping. *Id.* at 252. The court appointed two counsel for the defendant. *Id.* at 253. Days before trial, the defendant requested that the court "discharge his attorneys and appoint additional counsel." *Id.* The district court refused to discharge his counsel but appointed a third attorney for the defendant. *Id.* The *Davis* Court denied the defendant's appeal on the grounds that he was denied the right to choose court-appointed counsel. *Id.* at 253–54 ("After two attorneys had been appointed for defendant in the present case, the district court was not required to set aside the prior appointment of counsel and appoint new counsel in the absence of a showing of good cause.").

Defendant has not shown good cause to replace his previously appointed attorney, Mr. Wallin. Indeed, Defendant has had a total of seven court-appointed attorneys. (Doc. 3); (Doc. 20); (Doc. 101); (Doc. 102); (Doc. 110); (Doc. 124); (Doc. 158); (Doc. 189); (Doc. 294); (Doc. 339). Defendant was warned that continued noncooperation with court-appointed attorneys would result in waiver of his right to counsel rather than new counsel. (Doc. 111). Indeed, Defendant has already been found to have waived his right to counsel once before. (Doc. 124). Defendant has also been repeatedly warned that his Sixth Amendment right to counsel does not include choice of particular counsel, especially when Defendant repeatedly seeks to dismiss and refuses to cooperate with counsel. Further, Defendant has often waited until his previous counsel asserted their merits arguments before expressing dissatisfaction with their assistance when the motions were denied and trial was pending. (Doc. 111 at 1–3). Defendant has also expressed dissatisfaction with counsel who would not, as a matter of ethical responsibility, assert meritless motions that Defendant required them to submit. (Doc. 111 at 4).

1  Defendant has been repeatedly warned that his failure to reasonably cooperate with
2  Counsel would result in his waiver of the right to counsel. (Doc. 101; Doc. 111). After
3  multiple re-appointments of new counsel which delayed trial in this matter—already
4  delayed because of the COVID-19 outbreak—Defendant's previous attempt to replace Mr.
5  Wallin was denied. (Doc. 111). He was given a choice of preceding with counsel or
6  representing himself. (Doc. 111). He kept counsel until after trial began, at which time he
7  elected to replace Mr. Wallin by representing himself. (Doc. 289; Doc. 294). Mr. Wallin
8  was appointed as advisory counsel. (Doc. 294).

9  Defendant again waited until the eve of sentencing to request that counsel again be
10 appointed. (Doc. 336). The Court, as it has said it would, reappointed Mr. Wallin to be
11 Defendant's counsel. (Doc. 339). But, in absence of a reason to replace Mr. Wallin, it will
12 not do so, and by so doing allow Defendant to again unreasonably delay the termination of
13 his proceeding after having requested and received many previous counsel. None of the
14 allegations that Defendant raises against his counsel have any foundation in fact.

15 Defendant has failed to show good cause as to why Mr. Wallin should be replaced
16 as Defendant's court-appointed counsel. Accordingly, Defendant's request to replace
17 court-appointed counsel is denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Court finds Defendant's Motion to Dismiss Counsel and Motion for Inquiry (Doc. 344) is **MOOT**.

**IT IS FURTHER ORDRED** that Defendant's Second Motion for Determination of Counsel (Doc. 368) is **DENIED**. Mr. Wallin remains Defendant's court-appointed counsel.

/ / /
/ / /
/ / /
/ / /

**IT IS FURTHER ORDERED** in light of counsel being appointed, the Court finds Defendant's Motion Demanding This Court to Decide Ineffective Assistance of Counsel Before Sentencing (Doc. 333), Motion for Hearing on (PIS)-(PSR) Ojection [*sic*] (Doc. 337), and Motion for Transcripts, Sealed Documents and Pleadings (Doc. 338) are **MOOT**.

Dated this 21st day of December, 2023.

_____
G. Murray Snow
Chief United States District Judge